Filed 3/26/25  P. v. Pech CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335990 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA091369) |
| v. | |
| ALEXANDER MANUEL PECH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan B. Honeycutt, Judge.  Reversed and remanded with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Alexander Manuel Pech pled no contest to attempted murder, and he admitted firearm and prior prison term allegations. The trial court sentenced Pech to 28 years in prison, including 20 years for the firearm enhancement and 1 year for the prior prison term enhancement.

The court later resentenced Pech to 27 years in prison under Penal Code[1] section 1172.75, striking the one-year prior prison term enhancement and reimposing the 20-year firearm enhancement. At the resentencing hearing, the court stated that it could only strike or reimpose, but not reduce, the firearm enhancement. On appeal, Pech argues, and the People concede, that the matter must be remanded because the court was unaware of its discretion under *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*) to strike Pech's firearm enhancement and impose a lesser one. We agree with parties, vacate Pech's sentence, and remand the matter for a new resentencing hearing.

## BACKGROUND

In May 2015, the People charged Pech with one count of attempted premeditated murder (§§ 664, 187) and four counts of assault with a firearm (§ 245, subd. (a)(2)). As to the attempted murder charge, the People alleged several firearm enhancements (§ 12022.53, subds. (b)–(d)) and a great bodily injury enhancement (§ 12022.7, subd. (a)). The People also alleged that Pech committed the crimes for the benefit of a gang (§ 186.22, subd. (b)(1)(C)) and that he served a prior prison term (§ 667.5, subd. (b)).

---

[1] All further undesignated statutory references are to the Penal Code.

2

In December 2016, Pech pled no contest to attempted murder. Pech admitted that he personally and intentionally discharged a firearm under section 12022.53, subdivision (c), and that he served a prior prison term under section 667.5, subdivision (b). The court struck the "willful, deliberate, and premeditated" language from the attempted murder charge, and it dismissed the four counts of assault with a firearm and all remaining enhancement allegations. The court sentenced Pech to 28 years in prison, including the mid-term of 7 years for attempted murder, plus 20 years for the firearm enhancement under section 12022.53, subdivision (c), and one year for the prior prison term enhancement under section 667.5, subdivision (b).

In 2023, the California Department of Corrections and Rehabilitation referred Pech's case for resentencing under section 1172.75. The court set a resentencing hearing and appointed counsel to represent Pech.

Pech filed a resentencing brief. He explained his rehabilitation efforts while in custody, including renouncing his gang ties, expressing serious remorse for his criminal conduct, and participating in several "prison-offered and self-help 'programming' and rehabilitative services, including NA, AA, CGA, and SAP." Pech was excelling at his job as a "Clerk Custodian" and as a student in prison-offered courses.

Pech asked the court to strike his prior prison term enhancement, strike or reduce his firearm enhancement, and impose the low term of five years for his attempted murder conviction. Pech argued that because he was successfully rehabilitating, the court should dismiss his firearm enhancement under section 1385, subdivision (c)(2). Citing *Tirado*, Pech

3

argued the court could, in the alternative, strike his firearm enhancement and impose a lesser one.

The court held a resentencing hearing in November 2023. The court praised Pech for his progress rehabilitating, stating that it had not "seen something recently where someone has taken such great opportunity to better themselves while they find themselves in custody." The court then dismissed the one-year prior prison term enhancement and resentenced Pech to 27 years in prison, consisting of the mid-term of 7 years for attempted murder, plus 20 years for the firearm enhancement under section 12022.53, subdivision (c).

The court explained why it did not dismiss the section 12022.53, subdivision (c) firearm enhancement or impose a lesser firearm enhancement: "The court recognizes its authority to consider [Pech's] post-sentencing conduct, his attempts at rehabilitation, his sincerity and his remorse for his actions. . . . [¶] . . . [¶] [I]f the court exercised its discretion to strike the 20-year enhancement, I do believe that it would be an abuse of my discretion. This is a case where Mr. Pech . . . appears to have been involved in some gang-related activity where he shot at these people who were standing in a driveway and shot the victim in the face. [¶] To impose a sentence of simply seven years for this type of conduct would be an abuse of my discretion. It would be unjust, and it would be outside of, in essence, my authority to do so. It would be, as I stated, an abuse of my discretion. [¶] I do find appropriate under the current status of the law to strike the one-year enhancement. If there was something less that the court could do, I might consider it.

4

But in this case, it's either a 20-year enhancement or nothing. And to do so, as I stated, would be an abuse of my discretion."

Pech appeals.

## DISCUSSION

Section 12022.53 creates a tiered system of sentencing enhancements for when a defendant uses a firearm while committing certain felonies. (*People v. McDavid* (2024) 15 Cal.5th 1015, 1020 (*McDavid*).) "Section 12022.53(b) mandates the imposition of a 10-year enhancement for personal *use* of a firearm in the commission of one of those felonies; section 12022.53(c) mandates the imposition of a 20-year enhancement for personal and intentional *discharge* of a firearm; and section 12022.53(d) provides for a 25-year-to-life enhancement for personal and intentional discharge of a firearm *causing great bodily injury or death* to a person other than an accomplice." (*Tirado*, *supra*, 12 Cal.5th at pp. 694–695.)

In 2018, the Legislature amended section 12022.53, subdivision (h), to give trial courts discretion to strike or dismiss, in the interest of justice, "an enhancement otherwise required to be imposed by this section." (Stats. 2017, ch. 682, § 2.) After section 12022.53, subdivision (h) was amended, appellate courts were split as to whether a trial court could strike a firearm enhancement and impose a lesser firearm enhancement under the statute. (See *Tirado*, *supra*, 12 Cal.5th at p. 696.)

The Supreme Court resolved this split in *Tirado*, where it concluded that "the statutory framework permits a court to strike the section 12022.53(d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado*, *supra*, 12 Cal.5th at p. 692.) Thus, "[w]hen an accusatory pleading alleges and the jury finds true the facts

5

supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Id.*, at p. 700.)

More recently, in *McDavid*, the Supreme Court held that when dismissing a firearm enhancement under section 12022.53, subdivision (h), a trial court is not limited to reimposing a lesser firearm enhancement under section 12022.53. (*McDavid*, *supra*, 15 Cal.5th at p. 1030.) Instead, the court has discretion to impose "a lesser included, uncharged enhancement under a law other than section 12022.53," such as section 12022.5 or section 12022, so long as that lesser enhancement is "supported by facts that have been alleged and found true." (*Ibid.*)

The parties agree, and so do we, that the trial court misunderstood the scope of its sentencing discretion when it found it could not strike Pech's 20-year firearm enhancement under section 12022.53, subdivision (c), and impose a lesser firearm enhancement. As we just explained, a trial court has discretion to strike a firearm enhancement imposed under section 12022.53 and impose a lesser one under that statute or another statute, such as section 12022.5 or section 12022, so long as the lesser enhancement is supported by facts that have been alleged and found true. (*Tirado*, *supra*, 12 Cal.5th at pp. 692, 700; *McDavid*, *supra*, 15 Cal.5th at p. 1030.) That the court misunderstood the scope of its discretion to strike Pech's 20-year firearm enhancement and impose a lesser one is itself an abuse of discretion. (*McDavid*, *supra*, 15 Cal.5th at p. 1023 [a court abuses its discretion when it acts without understanding the full scope of its discretion].)

6

The "appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) At the November 2023 resentencing hearing, the court praised Pech's efforts at rehabilitation while in custody and stated that if there was "something less" that it could do other than simply striking Pech's 20-year firearm enhancement, it "might consider it." The record, therefore, does not clearly indicate that the court would have reached the same decision— i.e., simply reimposing the 20-year firearm enhancement under section 12022.53, subdivision (c)—had it been aware of its discretion to impose a lesser firearm enhancement.

We must vacate Pech's sentence and remand the matter for a new resentencing to allow the court to exercise its discretion to determine whether to strike Pech's 20-year firearm enhancement under section 12022.53, subdivision (c), and impose a lesser firearm enhancement. At the new resentencing hearing, the court shall "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) We express no opinion on how the court should exercise its discretion at that hearing.

## DISPOSITION

Pech's sentence is vacated and the matter is remanded for a new resentencing hearing to be conducted in a manner consistent with the views expressed in this opinion.


VIRAMONTES, J.


WE CONCUR:


STRATTON, P. J.


WILEY, J.